UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RAY WILKINS, LEON FITZGERALD,
LAWRENCE LOWE, LISA STOKELY,
DAVID PAUPAW, and TIANA PITTMAN,

                Plaintiffs,

    -against-                        **COMPLAINT**

CITY OF NEW YORK, MICHAEL
WILLIAMS, and JOHN and JANE
DOES 1-5,
                                **PLAINTIFFS DEMAND**
          Defendants.        **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiffs Ray Wilkins, Leon Fitzgerald, Lawrence Lowe, Lisa Stokely, David Paupaw, and Tiana Pittman, by their attorneys, Lumer & Neville, as for their complaint against the defendants, allege, upon information and belief, as follows:

                    **PARTIES, JURISDICTION and VENUE**

        1.     At all relevant times herein, plaintiff Ray Willkins was a male resident of Kings County, within the City and State of New York.

        2.     At all relevant times herein, plaintiff Leon Fitzgerald was a male resident of Kings County, within the City and State of New York.

        3.     At all relevant times herein, plaintiff Lawrence Lowe was a male resident of Kings County, within the City and State of New York.

        4.     At all relevant times herein, plaintiff Lisa Stokely was a female resident of Kings County, within the City and State of New York.

5. At all relevant times herein, plaintiff David Paupaw was a male resident of Kings County, within the City and State of New York.

6. At all relevant times herein, plaintiff Tianna Pittman was a female resident of Kings County, within the City and State of New York.

7. At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

8. At all relevant times hereinafter mentioned, defendant Michael Williams, Tax No. 946396, was employed by the City of New York as a member of the NYPD. Williams is being sued in both his official and individual capacities.

9. Upon information and belief, defendants John and Jane Does 1 through 5 were at all relevant times herein individuals employed by the City of New York as members of the NYPD, whose identities are not presently known to plaintiffs, and who are sued in both their official and individual capacities.

10. Upon information and belief, at all relevant times herein, Williams and the Doe defendants were state actors acting in the course of their employment with the NYPD under color of law.

11. Original jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, *et seq.*, and 42 U.S.C. §§ 1981 and 1983. The Court has jurisdiction over the state claims under the legal principles of supplemental jurisdiction.

12. Venue is properly laid in this District pursuant to 28 U.S.C. §1391, *et seq.*, because all of the events complained of herein occurred within the Eastern District of New York, and because it is the district of residence for the majority of the plaintiffs.

13. Notices of Claim was timely served by both plaintiffs upon the defendant City of New York.

14. At least thirty days have passed since plaintiffs' service of their Notices of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

15. Plaintiffs have complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

16. This action is brought within one year and ninety days of the events complained of herein.

## FACTUAL ALLEGATIONS

17. On August 28, 2013, at or about 7:30 a.m., the plaintiffs were lawfully present inside 1306 Atlantic Avenue, in Kings County in the City and State of New York (the "Premises"), as invited guests.

18. The Premises is understood to be a privately owned building that consists, in relevant part, of a bar or social club.

19. On August 28, 2013, at or around 7:30 a.m., members of the NYPD, including Williams and the Doe defendants (collectively, the "individual defendants"), physically forced their way into the Premises.

20. The defendants seized, handcuffed, and searched the plaintiffs.

21. The defendants deliberately employed overly tight handcuffs on several of the plaintiffs, ignoring their requests that the cuffs be loosened to avoid unnecessary injuries, and pain and suffering, and stepping on the head of at least one plaintiff.

22. None of the plaintiffs were in possession of narcotics, drug paraphernalia, or weapons, nor had any of the plaintiffs been observed engaging in any illegal activity or any other conduct that would reasonably support a belief that the plaintiffs constructively possessed narcotics, drug paraphernalia, or weapons.

23. At no time did the defendants have adequate legal cause to detain, seize, or arrest plaintiffs, nor could defendants have reasonably believed that such cause existed.

24. The plaintiffs were detained at the Premises for a period of time and then transported to a local NYPD Precinct station house for processing. While at the station house, the plaintiffs was fingerprinted, photographed, and searched.

25. After a period of many hours, the plaintiffs were summarily released without being charged and without being issued any summonses or desk appearance tickets.

26. At all times relevant herein, each of the individual defendants, including all of the John Doe defendants, were acting within the scope of their employment with the

NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

27. Plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "26" of the complaint as if incorporated and reiterated herein.

28. Defendants Williams and the Doe defendants, willfully and intentionally seized, searched and arrested plaintiffs without cause, and without a reasonable basis to believe such cause existed, and utilized more force that what was necessary and reasonable under the circumstances.

29. Those individual defendants that did not actively participate in the unlawful arrest were aware that their fellow defendants lacked probable cause for the arrest and imprisonment of the plaintiffs, and that the force used was unreasonable, yet failed to take reasonable steps to intervene in the other defendants' willful violation of plaintiffs' constitutional rights.

30. In so doing, the defendants violated plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

31. By reason thereof, Williams and the Doe defendants have violated 42 U.S.C. § 1983 and caused each of the plaintiffs to be deprived of his or her federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

32. Plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "31" of the complaint as if incorporated and reiterated herein.

33. Plaintiffs were intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, and imprisoned.

34. At no time did defendants have probable cause, legal justification, authority, or any legal basis for seizing, arresting, detaining and searching plaintiffs, and said detention, of which each plaintiff was conscious, was unlawful.

35. Regardless of whether defendants had a lawful basis to briefly detain plaintiffs at the time of their arrest (which defendants had no right to do), at no time prior to or during the unlawful detention did defendants have sufficient legal cause, justification or any legal basis to continue to detain plaintiffs beyond an initial inquiry, and said detention and searches were unlawful.

36. At no time did the defendants have the right to employ excessive force against the plaintiffs.

37. Defendants are liable under New York law for falsely arresting, imprisoning, and using excessive force against the plaintiffs in order to support their criminal prosecutions.

38. The municipal defendant is liable for the actions of the individual defendants under the doctrine of respondeat superior.

39. By reason thereof, defendants have caused each of the plaintiffs to be deprived of his or her constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

(Remainder of page intentionally left blank)

WHEREFORE, the plaintiffs demand judgment against the defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated:   March 24, 2014
           New York, New York

                                        LUMER & NEVILLE
                                        Attorneys for Plaintiffs
                                        225 Broadway, Suite 2700
                                        New York, New York 10007
                                        (212) 566-5060

                                        _____
                                        Michael Lumer (ML-1947)